*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN E. FREUDENBERGER REVOCABLE
LIVING TRUST, by Trustee JOHN E.
FREUDENBERGER,

UNPUBLISHED
September 15, 2022

Plaintiff-Appellant,

v

No. 358793
Emmet Circuit Court
LC No. 20-106969-CH

IRISH BOAT SHOP, INC., CITY OF HARBOR
SPRINGS, CITY OF HARBOR SPRINGS
PLANNING COMMISSION, and CITY OF
HARBOR SPRINGS ZONING ADMINISTRATOR,

Defendants-Appellees.

Before: MURRAY, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

In this nuisance action, plaintiff appeals as of right the circuit court's order granting summary disposition in favor of defendants, City of Harbor Springs, City of Harbor Springs Planning Commission, City of Harbor Springs Zoning Administrator (hereinafter referred to collectively as "Harbor Springs"), and Irish Boat Shop, Inc (Irish Boat Shop). Because the trial court correctly concluded that the doctrine of laches barred plaintiff's claim, we affirm.

## I. BACKGROUND

This case arises from the construction of a new building on Little Traverse Bay by defendant Irish Boat Shop. The new building was to be both taller and wider than the previous building, and as a result, it would obstruct the view of Little Traverse Bay enjoyed by the building's neighbors to the north. The initial planned location of the building would have obstructed the view from the Little Traverse Yacht Club, and after discussions with the yacht club, Irish Boat Shop decided to move the building 20 feet to the east. The new location would obstruct the view from

-1-

residential houses, including the houses belonging to plaintiff[1] and his neighbor. Irish Boat Shop's site plan was approved by Harbor Springs on January 17, 2019. Plaintiff's neighbor appealed the site plan's approval to the Harbor Springs Zoning Board of Appeals, but his appeal was denied on May 5, 2019. Construction began on September 9, 2019.

Plaintiff has his primary residence in Florida and used his home in Harbor Springs as a seasonal residence. He alleged that he did not know about Irish Boat Shop's plan to erect the new building until September 8, 2019. That month, plaintiff hired an appraiser to assess the impact that the construction would have on the value of his Harbor Springs property. The appraiser completed the appraisal on April 3, 2020, which concluded that the construction would result in a diminution in value of approximately half a million dollars. On May 1, 2020, plaintiff sent a cease-and-desist letter to Irish Boat Shop demanding that it cease construction of the building. On July 13, 2020, plaintiff filed a complaint alleging nuisance per se and seeking injunctive relief and money damages. Plaintiff did not seek a preliminary injunction.

Defendants sought summary disposition pursuant to MCR 2.116(C)(8) (failure to state a claim) and (10) (no genuine issue of material fact). Following a hearing, the court granted defendants' motions primarily on the ground that plaintiff lacked standing while also opining that the doctrines of laches and equitable estoppel barred plaintiff's claim. The trial court did not reach the merits of plaintiff's nuisance per se claim, and the issue of whether Irish Boat Shop violated any zoning ordinances is not before this Court.

## II. STANDARDS OF REVIEW

We review de novo a trial court's decision to grant or deny a motion for summary disposition, and the evidence is viewed in a light most favorable to the nonmoving party. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). Defendants brought their motions in part under MCR 2.116(C)(8), but "because the court looked beyond the pleadings in deciding the motion, this Court reviews the motion as having been granted pursuant to MCR 2.116(C)(10)." *Shelby Charter Twp v Papesh*, 267 Mich App 92, 97-98; 704 NW2d 92 (2005). Summary disposition should be granted under MCR 2.116(C)(10) when the evidence reveals no genuine issue of material fact. *West*, 469 Mich at 183. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*. The application of equitable doctrines such as laches is reviewed de novo. *Knight v Northpointe Bank*, 300 Mich App 109, 113; 832 NW2d 439 (2013).

## III. ANALYSIS

Plaintiff argues that the trial court erred by concluding that the doctrine of laches barred his claim. We disagree.

The doctrine of laches "applies to cases in which there is an unexcused or unexplained delay in commencing an action and a corresponding change of material condition that results in

---

[1] Although the property is owned by the John E. Freudenberger Revocable Living Trust, for purposes of this opinion we refer to the trustee, John E. Freudenberger, as plaintiff.

prejudice to a party." *Nykoriak v Napoleon*, 334 Mich App 370, 382; 964 NW2d 895 (2020) (quotation marks and citation omitted). "If a plaintiff has not exercised reasonable diligence in vindicating his or her rights, a court sitting in equity may withhold relief on the ground that the plaintiff is chargeable with laches." *Knight*, 300 Mich App at 114. The doctrine is not triggered by the passage of time alone but by the harm caused to the other party by the unnecessary delay. *Id*. at 114-115. Therefore, a focal point of a laches analysis should be the "prejudice occasioned by the delay." *Id*. at 115 (quotation marks and citation omitted). "The prejudice necessary to establish a laches or estoppel defense cannot be a *de minimis* harm;" rather, the party asserting the defense "must show that he or she made such a substantial change in position or incurred such extensive obligations and expenses that it would be highly inequitable and unjust to destroy the rights which he or she ostensibly had acquired." *Lyon Charter Twp v Petty*, 317 Mich App 482, 491; 896 NW2d 477 (2016) (quotation marks and citation omitted).

The evidence in this case established that Irish Boat Shop suffered prejudice from plaintiff's delay. Irish Boat Shop's president, Michael Esposito, testified about the construction project's time line. Construction began around Labor Day in 2019. Plaintiff learned about the construction project in early September 2019, approximately the same time that the construction began. Plaintiff, however, took no action and did not send the cease-and-desist letter until May 2020. According to Esposito, by that time "the majority of the structural work was done." Plaintiff then waited more than two months before filing his complaint, and by that time "the sheeting went on" and the "utility, electrical, water, HVAC, [and] rough-ins were going on at that time, and a lot of site work, parking lots, water main, sewer mains." The record indicates that at no point did plaintiff seek a preliminary injunction, and as of February 2021 the building was nearly complete. We conclude that Irish Boat Shop suffered prejudice by the expenditure of time and money constructing the building. Moreover, Irish Boat Shop's expenditure of money and labor to construct the building evidenced its material change in conditions. Substantial progress was made on the construction over the months following plaintiff's learning of the site plan, and a material change in conditions beyond the mere passage of time occurred.

Moreover, we conclude that plaintiff's delay was unreasonable and unexcused because he could have sought a preliminary injunction. Plaintiff learned of the construction project right as it began, but he took no action aimed at halting the construction for approximately eight months. He stood idly by and watched, literally and figuratively, as the construction progressed to the point of near completion of all of the structural work. Plaintiff asserts that he did not attempt to enjoin the construction because he waited for the results of the appraisal. However, the fact that plaintiff promptly sought an appraisal demonstrates that he immediately believed action might be necessary in response to the construction. Nevertheless, he waited months before giving Irish Boat Shop any indication that he objected to the site plan and construction project. Even after he received the appraisal, plaintiff slept on his rights for another month before sending a cease-and-desist letter. Then, plaintiff waited more than two additional months before initiating this litigation. Moreover, even after the litigation began, plaintiff did not seek any sort of injunctive relief. During each of these delays, the construction continued and Irish Boat Shop expended additional labor and funds.

Plaintiff's unreasonable and unexcused delay served to prejudice Irish Boat Shop, and the trial court did not err by ruling that the doctrine of laches barred plaintiff's claim.

Affirmed.[2]

/s/ Christopher M. Murray
/s/ Colleen A. O'Brien
/s/ James Robert Redford

_____

[2] Because the trial court did not err by applying the doctrine of laches and we affirm the circuit court's decision, we decline to address plaintiff's additional arguments that the court erred by concluding he lacked standing and that equitable estoppel barred his claim.